| | | |
|---|---|---|
| JOHN BOWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-0047-KD-N |
| | ) | |
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on the defendant's Motion for Partial Dismissal (doc. 6),
which asserts that certain of plaintiff's state law claims are preempted by the Fair Credit
Reporting Act ("FCRA") and that plaintiff's FCRA claim is also due to be dismissed for failure
to file a formal dispute with the credit reporting agency until after the filing of this lawsuit.
Plaintiff has filed a Response (doc. 8) and defendant a Reply (doc. 9). This matter has been
referred to the undersigned for entry of a Report and Recommendation pursuant to 28 U.S.C.
§ 636 and Local Rule 72.1(a). Upon consideration of the motion and briefs filed by the parties,
it is the recommendation of the undersigned that the motion for partial dismissal be GRANTED.

## Background

Plaintiff, John Bowman, filed his complaint in the Circuit Court of Baldwin County,
Alabama on December 23, 2010. Thereafter, defendant, CitiMortgage, Inc., removed the action
to this court asserting original federal jurisdiction on grounds of federal question and diversity of
citizenship. (Doc. 1-Notice of Removal)

The Complaint contains six Counts in separately-numbered sections, raising the
following claims:

(1) <u>Breach of Contract</u> [by failing to properly apply the proceeds of the loan, negligently handling the proceeds, negligently notifying credit reporting agencies of a foreclosure despite the fact that defendant had withdrawn the foreclosure, failing to notify plaintiff of the second-noticed foreclosure, and negligently interfering with sale of property by failing to provide payoff figures in 2009].[1]

(2) <u>Invasion of Privacy</u> [by wrongful reporting of late payments on credit reports].

(3) <u>Defamation</u> [by wrongful reporting of late payments on credit reports].

(4) <u>FCRA violation</u> [negligent failure to comply with FCRA and/or Fair and Accurate Transaction Act[2]].[3]

(5) <u>Negligence</u> [in reporting false information to credit bureaus, handling administration of loan resulting in inability to sell property for a profit, to enter modification and/or assistance programs, to defend against foreclosure, and negatively affected ability to conduct business].

(6) <u>Wantonness</u> [in reporting false information to credit bureaus].

---

[1] Defendant seeks dismissal of the breach of contract claim associated with reporting of credit information and the negligence claim associated with reporting credit information.

[2] This appears to be a reference to the Fair and Accurate Credit Transaction Act, 15 USC § 1681c(g); the FACTA is an amendment to the FCRA. *See* <u>Harris v. Mexican Specialty Foods, Inc.</u>, 564 F.3d 1301 (11th Cir. 2009). In this Report and Recommendation, the undersigned refers to both enactments, as well as the statute as a whole, as "the FCRA".

[3] The Complaint does not contain a "Count IV" but instead misnumbers the fourth, fifth and sixth counts as Count V, Count VI and Count VII, respectively.

Motion to Dismiss

Because this matter comes before the Court on a Rule 12(b)(6) motion, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged ... in the complaint as true." <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009); *see also* <u>Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention</u>, 623 F.3d 1371, 1379 (11th Cir. 2010) ("In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff."). That said, to withstand a motion to dismiss for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ] their claims across the line from conceivable to plausible." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citation omitted). Thus, minimum pleading standards "require[ ] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.

Analysis

FCRA Claim

Defendant seeks dismissal of plaintiff's federal claims because plaintiff failed to allege a statutory precondition—that the plaintiff filed notice of a false credit record with a credit reporting agency and that the defendant—a furnisher of information to credit reporting

agencies—received notice of that filing from the credit reporting agency. *See* 15 U.S.C. §

1681s-2. In his Response, plaintiff states only as follows:

> Plaintiff admits that he did not file a formal dispute with the credit reporting agency *until after the filing of this lawsuit*, however, all other elements required under the Fair Credit Reporting Act (FCRA) have been plead with sufficient specificity to survive a motion to dismiss.

(Doc. 8 at 2)(emphasis added). While this minimalistic assertion fails to expressly state

that plaintiff has made the necessary filing with a credit reporting agency, it is clearly the

implicit point of this statement that he did so at some point *after filing* the complaint. However,

plaintiff's argument is insufficient to satisfy the requirements of the statute.

> "In 1996, Congress amended the FCRA to impose duties upon persons who furnish information to credit reporting agencies.... See 15 U.S.C. § 1681 s-2. Prior to these amendments, the FCRA did not impose any duties on those furnishing information to credit reporting agencies." Lofton-Taylor v. Verizon Wireless, 2006 WL 3333759, *4 (S.D.Ala. Nov. 14, 2006), *affirmed*, 2008 WL 189853 (11th Cir.) (citation omitted). Section 1681 s-2(a) sets out the duty of furnishers of information to provide accurate information, and § 1681 s-2(b) sets out the duties of furnishers of information upon notice of a dispute. …The FCRA does not provide a federal private right of action under § 1681 s-2(a). See § 1681 s-2(c)(1) ("... sections 1681 n and 1681 o of this title do not apply to any violation of-(1) subsection (a) of this section, including any regulations issued thereunder ..."). Courts have routinely held that § 1681s-2(a) may be enforced only by the Government as provided in the statute even though it creates an affirmative obligation to refrain from reporting inaccurate information. See Riley v. General Motors Acceptance Corp., 226 F.Supp.2d 1316, 1319 (S.D.Ala. 2002) ("Thus, because he is not the Attorney General of Alabama or an appropriate federal official, the plaintiff has no standing to allege claims under 1681 s-2(a)") (citations omitted); *see also* Abbett v. Bank of America, 2006 WL 581193, *5 (M.D.Ala. March 3, 2006); Acosta v. Campbell, 2006 WL 146208, * 13 (M.D.Fla. January 18, 2006). Thus, the only provision under which plaintiff could allege a private right of action against Southwest Credit, as a furnisher of information, is § 1681 s-2(b). See Lofton-Taylor v. Verizon Wireless, 2006 WL 3333759, at *5 (*citing* Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057, 1059-60 (9th Cir. 2002) (Through § 1681n and § 1681o, the FCRA provides a private right of action for violations of § 1681s-2(b).).
>
> Section 1681s-2(b) requires that, upon receipt of a notice of dispute from a credit reporting agency, a furnisher of information is required to conduct an investigation, review relevant information provided by the credit reporting agency, report the results of the investigation, and, in the event the investigation

> determines that the information is either incomplete or inaccurate, report those results to all agencies to whom the furnisher reports such information. 15 U.S.C. § 1681s-2(b)(1)(A)-(D). A prerequisite for a claim under § 1681s-2(b) is that Southwest Credit, as the furnisher of information, received notice of a dispute from Experian or some other credit reporting agency. *See* 15 U.S.C. §§ 1681i, 1681s-2(b).

Bosarge v. T-Mobile USA, Inc., 2008 WL 725017, *3 (S.D.Ala. March 17, 2008).

There is no indication in the Complaint or plaintiff's Response to the Motion to Dismiss that defendant received notice of the filing from the credit reporting agency, as expressly required by the statute. Further, defendant's FCRA duties under § 1681s-2(b), as to which a private cause of action might be brought, would only begin when it received such notice. As a matter of logic, it appears that allegations of prefiling failures to act can not support any claim of an entity's failure to act after receipt of a post-filing notice. In the absence of any allegation or argument to the contrary, plaintiff's single-sentence response[4] does not offer an adequate basis to avoid dismissal of this claim.

State-law Claims[5]

The FCRA contains express preemption provisions. *See* 15 U.S.C. §§1681t(a), 1681t(b)(1)(F), and 1681h(e). Section 1681t(a) provides the following:

> Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.

---

[4]    As noted above, plaintiff concedes that he "did not file a formal dispute with the credit reporting agency until after the filing of this lawsuit… ." (Doc. 8 at 2)

[5]    Given the allegation of diversity of citizenship jurisdiction, including a facially-sufficient showing of the amount in controversy, the court finds it proper to address the plaintiff's state-law claims and recommend the retention of jurisdiction over the remaining claims after the instant motion is granted.

Section 1681t(b)(1)(F) provides:

> No requirement or prohibition may be imposed under the laws of any State-(1) with respect to any subject matter regulated under-(F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply [to two statutory exemptions concerning Massachusetts and California].

Section 1681h(e) provides:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

Plaintiff cites opinions from other courts, including the Northern District of Alabama, McCloud v.Homeside Lending, 309 F.Supp.2d 1335, 1340-41 (N.D.Ala. 2004), identifying, categorizing and debating other approaches to these provisions.  However, the judges of this district have consistently held that the FCRA preempts all state law claims arising out of allegations that a supplier of information failed to provide accurate information after notice from a credit reporting agency.  *See e.g.* Bosarge, *supra*;  Riley v. General Motors Acceptance Corp., 226 F.Supp.2d 1316 (S.D.Ala. 2002); Lofton-Taylor v. Verizon Wireless, 2006 WL 3333759 (S.D.Ala.); Wilson v. Midland Credit Management, Inc., 2009 WL 2059332 (S.D.Ala.); *see also* Baggett v. First Premier Bank, 2009 WL 2588890 (S.D.Ala.)(FCRA preempts state law to the extent those laws are inconsistent with FCRA).

Defendant limits its motion to seek dismissal only to those state law claims based on the reporting of credit information. Defendant notes that plaintiff's Breach of Contract and Negligence claims include other allegations, as well, which would be unaffected by the instant

motion.[6]  To the extent that plaintiff's complaint alleges state law claims based on allegations that defendant provided inaccurate information to credit reporting bureaus, the undersigned finds that the FCRA preempts such claims.

Conclusion

For the reasons stated above, it is hereby RECOMMENDED that defendant's Motion for Partial Dismissal be GRANTED, that plaintiff's invasion of privacy, defamation and wantonness claims be dismissed with prejudice, and that one basis for each of the plaintiff's claims of negligence and breach of contract—those expressly relying on alleged provision of inaccurate information to credit reporting agencies—also be dismissed.[7]

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this the 6th day of May, 2011.


/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[6]  The following claims remain pending:  Breach of contract by failing to properly apply the proceeds of the loan, by mishandling of proceeds, by failing to notify plaintiff of the second foreclosure, and by failing to provide payoff figures in 2009; Negligence in handling the administration of the loan, entering modification or assistance programs, and in defending against foreclosure.  The court recognizes that some of these claims may be premised on allegations that defendant improperly reported plaintiff's credit to third parties and would thus be preempted.

[7]  It is not clear, at this stage of the proceedings, whether plaintiff's claim under the Negligence heading based on allegations that defendant negligently affected plaintiff's ability to conduct business relates to the provision of inaccurate credit information to credit reporting agencies.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE